IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROGELIO VIDEL SANTILLAN, #34475-058,<br><br>Petitioner,<br><br>vs.<br><br>ESTELLA DERR,<br><br>Respondent. | Civil No. 22-00105 SOM-KJM<br><br>ORDER DISMISSING PETITION |

### ORDER DISMISSING PETITION

Before the Court is pro se Petitioner Rogelio Videl Santillan's ("Santillan") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition").  ECF No. 1.  The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Because Santillan does not challenge the fact or duration of his confinement, the Petition is DISMISSED.  Any claims relating to the conditions of Santillan's confinement must be raised, if at all, in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

I. **BACKGROUND**

In 2019, Santillan pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. *See* Plea Agreement, *United States v. Santillan*, No. 5:18-cr-00048-KDB-DSC-14 (W.D.N.C. Jan. 17, 2019), ECF No. 205.[1] He was sentenced to 101 months' imprisonment and five years of supervised release. *See* Judgment in a Criminal Case, *Santillan*, No. 5:18-cr-00048-KDB-DSC-14 (W.D.N.C. Aug. 1, 2019), ECF No. 358.

Santillan is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Honolulu, Hawaii ("FDC-Honolulu"). *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Rogelio" in "First" field and "Santillan" in "Last" field; select "Search") (last visited Mar. 31, 2022). The BOP's inmate locator reflects that Santillan's projected release date is December 25, 2025. *Id*.

The Court received the Petition on March 21, 2022, ECF No. 1, and Santillan paid the $5.00 filing fee on March 28, 2022, ECF No. 3. Santillan alleges in the Petition that: (1) he has been denied emergency medical treatment (Ground

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

One); (2) he is "illegally and improperly housed with violent, mentally unstable and pre-sentenced individuals" (Ground Two); and (3) the conditions at FDC-Honolulu are "inconsistent with Bureau of Prisons policy and contrary to public interest" (Ground Three). ECF No. 1 at PageID ## 4–8. Santillan requests medical care, "[p]roper[] segregate[ion]" of inmates at FDC-Honolulu, and his transfer "to a medical facility in the US." *Id.* at PageID # 11.

## II. SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III. DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the

3

Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). The district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled therto." 28 U.S.C. § 2243.

The Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the *fact or duration* of his confinement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (emphasis added); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement.").

In contrast, the appropriate avenue for a federal prisoner asserting a civil rights violation based on the *conditions* of his confinement is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Tucker*, 925 F.2d at 332; *see also Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens* . . . rather than a § 2241 petition."); *Brown v. Blanckensee*, 857 F. App'x 295, 296 (9th Cir. 2021) (same).

4

Here, Santillan does not challenge the fact or duration of his confinement. Instead, he only challenges the conditions of his confinement. Santillan alleges that: (1) he has been denied emergency medical treatment (Ground One); (2) he is "illegally and improperly housed with violent, mentally unstable and pre-sentenced individuals" (Ground Two); and (3) the conditions of his confinement are "inconsistent with Bureau of Prisons policy and contrary to public interest (Ground Three). ECF No. 1 at PageID ## 4–8. Santillan requests medical care, "[p]roper[] segregat[ion]" of inmates at FDC-Honolulu, and his transfer "to a medical facility in the US."[2] *Id.* at PageID # 11. Santillan's claims, therefore, relate to the conditions at FDC-Honolulu, not the fact or duration of his confinement.

Because success on Santillan's claims would not necessarily lead to his immediate or earlier release from confinement, they must be raised, if at all, in a civil rights action under *Bivens*. *See Schulze v. Kobayashi*, No. 20-00222 DKW-RT, 2020 WL 254407, at *1 (D. Haw. May 19, 2020) ("If success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release

---

[2] To the extent Santillan seeks to challenge his individual placement designation, the Court lacks jurisdiction to consider such a claim. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court."); *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021) ("Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment."); *Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition." (citation omitted)).

from confinement, the claim does not fall within 'the core of habeas corpus' and, thus, is not cognizable under 28 U.S.C. § 2241"); *see also Greenhill v. Lappin*, 376 F. App'x 757, 757 (9th Cir. 2010) ("The appropriate remedy for [federal prisoner's] claim, which relates to the conditions of his confinement, lies in a civil rights action under *Bivens*[.]")  Accordingly, the Petition is DISMISSED.

## IV.  CONVERSION OF THE PETITION

A district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the prisoner.  *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). The Court declines to convert Santillan's Petition into a civil rights complaint, however, because of the differences in the procedures undertaken in habeas proceedings and civil rights actions.

First, if the Court converted the Petition into a civil rights complaint, Santillan would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds.  *See* 28 U.S.C. §§ 1914, 1915(b).  Any dismissal of the action at the pleading stage would not terminate Santillan's duty to pay the $350 filing fee.  Here, the Petition was not accompanied by the $350 filing fee or an authorization by Santillan to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

6

Second, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The Supreme Court has acknowledged . . . that federal prisoners suing under [*Bivens*] must first exhaust inmate grievance procedures." *Hoffman v. Preston*, 26 F.4th 1059, 1070 (9th Cir. 2022) (quotation marks and citation omitted) (brackets in original). Here, Santillan appears to acknowledge that he has not exhausted his administrative remedies. *See* ECF No. 1 at PageID ## 4, 6–7.

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion due to the differences and disadvantages that recharacterization may have on Santillan's claims. This does not prevent Santillan from filing a civil rights complaint after he considers his options.

## V. CONCLUSION

(1) The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Santillan raises conditions of confinement claims that do not impact the fact or duration of his confinement, those claims are DISMISSED without prejudice to raising them in a civil rights action.

(3) The Clerk is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED: March 31, 2022 at Honolulu, Hawaii.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge